IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANNABELLE GUZMAN-OSORIO,

Plaintiff,

v.

FRANK J BISIGNANO, Commissioner of Social Security,

Defendant.

CASE NO. 23-1193 (HRV)

**OPINION AND ORDER**

Pending before the Court is the "Motion for Authorization of an Attorney Fee Under Section 206(b)(1) of the Social Security Act" filed by Attorney David Luis Torres-Velez ("Attorney Torres-Velez"). (Docket No. 31). Attorney Torres-Velez moves the Court to authorize an award of $25,504.25 in accordance with the contingency fee contract he had with Plaintiff Annabelle Guzman Osorio. The Commissioner of Social Security (hereinafter "the Commissioner") neither supports nor opposes the request. (Docket No. 32). For the reasons set forth below, the motion for attorneys' fees is GRANTED.

I.    BACKGROUND

Plaintiff Annabelle Guzman-Osorio agreed to pay Attorney Torres-Velez 25% of any past-due Social Security Benefits. (Docket No. 31-1). Attorney Torres-Velez represented Plaintiff before this Court seeking review of an unfavorable decision by the Commissioner denying her claim of disability benefits. (Docket Nos. 1, 21). After Plaintiff

1

submitted her brief, on January 12, 2024, the Commissioner filed a consent motion to remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket No. 25). The Court obliged and judgment was entered accordingly on that same date. (Docket Nos. 26 and 27).

Subsequently, on February 28, 2024, Plaintiff filed a motion for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). (Docket No. 28). The Commissioner responded that the parties had reached a stipulation as to the amount. (Docket No. 29). The Court awarded counsel $5,402 in attorneys' fees and costs under the EAJA. (Docket No. 30). The award was seized, however, through the U.S. Treasury offset program. (Docket No. 31-2).

On December 14, 2025, Plaintiff received notice that the Commissioner issued a favorable decision on remand. (Docket No. 31-3). In awarding past due benefits to Plaintiff, the Commissioner withheld $25,504.25 for attorneys' fees, calculated to be 25% of the total amount due. (Id. at 3). Attorney Torres-Velez now requests that the Court authorize payment of the full amount claiming that it is reasonable given the contingent nature of the representation, the express contract between counsel and Plaintiff, and the excellent results obtained. The Commissioner neither supports nor opposes the request. (Docket No. 32). It merely points out that any EAJA award must be refunded. (Id.). Attorney Torres-Velez replies that there is nothing to refund because the EAJA award was retained pursuant to the U.S. Treasury offset program. (Docket No. 33).

## II.  APPLICABLE LAW

Section 206(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented

2

before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b). Even though the statute does not specify a deadline for requesting attorneys' fees, the District of Puerto Rico Local Rules provide that

> [a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld. The Commissioner shall have thirty (30) days after receipt of the request to respond.

D.P.R. Local Civ. R. 9(d)(2) (March 4, 2022) (Misc. 03-115 (RAM), Docket No. 71-1).

The Supreme Court has held that contingent fee agreements are permissible in matters involving Social Security benefits claimants. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, the Court must be satisfied "that the fee sought is reasonable for the services rendered . . . based on the character of the representation and the results the representative achieved." *Id.* at 807-08. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* at 808. The claimant's attorney can also be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.* "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id.* (citations

omitted). And, if Plaintiff's attorney received fees pursuant to the EAJA, the attorney must refund to the smaller fee amount to Plaintiff. *See Gisbrecht*, 535 U.S. at 796.

### III.    DISCUSSION

**A.    Timeliness**

There is no dispute that the petition filed by Attorney Torres-Velez is timely. The Notice of Award letter is dated December 14, 2025. Counsel filed the motion on December 22, 2025.

**B.    Reasonableness of the Fee Amount**

Attorney Torres-Velez asserts that between him and the brief-writing attorney Heather Freeman, the fee requested equates to an hourly rate of $1,123.54 for 22.7 hours and is thereby reasonable under the law. (*See* Docket No. 31 at 6-8). As noted, the Commissioner does not oppose counsel's fee amount in this matter. I find that the requested fee is reasonable.

First, the fee request conforms with the Plaintiff's contingent fee agreement and does not exceed the 25 percent statutory limit. Second, Plaintiff's counsel's work in this Court was not substandard. On the contrary, it prompted a motion for remand that subsequently resulted in a favorable decision at the agency level and an award of past due benefits. Third, there is no indication of undue delay or improper conduct by counsel. Finally, the effective hourly rate is consistent with amounts courts in this circuit have previously deemed reasonable. *See, e.g., Alvarez-Roman v. Comm'r of Soc. Sec.*, No. 19-1780 (BJM), 2025 WL 12998, 2025 U.S. Dist. LEXIS 40909, at *12-13 (D.P.R. Mar. 5, 2025) (approving de facto rate of $864.52); *Piñeiro-Fuentes v. Comm'r of Soc. Sec.,* No. 18-CV-1556 (MDM), 2023 WL 6605907, 2023 U.S. Dist. LEXIS 6605907, at *14 (D.P.R.

Oct. 10, 2023) (approving de facto hourly rate of $1,010 for 19.8 hours of work on case involving post-briefing voluntary remand); *Heather C. v. Dudek*, No. 22-cv-103-SDN, 2025 WL 1359208, 2025 U.S. Dist. LEXIS 88674, at *4 (D. Me. May 9, 2025) (approving a Section 406(b) fee with an effective hourly rate of $2,158.20); *Christopher H. v. Kijakazi*, No. 28-cv-00355, 2022 U.S. Dist. LEXIS 224823, 2022 WL 17668469, at *1 (D. Me. Dec. 14, 2022) (approving a Section 406(b) fee with an effectively hourly rate of $1,190.48); *Weed v. Colvin*, No. 14-cv-271, 2016 U.S. Dist. LEXIS 92101, 2016 WL 3919849, at *2-3 (D. Me. July 15, 2016) (approving a Section 406(b) fee with an effective hourly rate of $1,279.56).

## IV.  CONCLUSION

Accordingly, the "Motion for Authorization of an Attorney Fee Under Section 206(b)(1) of the Social Security Act" (Docket No. 31), is GRANTED in full and the Court ORDERS that the amount of $25,504.25 be paid to Attorney Torres-Velez from Plaintiff's past-due benefits.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 14th day of January, 2026.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
